■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY SOLLA, Appellant.— Order entered in Supreme Court, Bronx County, on June 19, 1968, denying a motion for resentence, which motion is deemed to be one for *coram nobis* relief (see *People v. Machado,* 17 N Y 2d 440), unanimously modified, on the law, to the extent of denying defendant's application without prejudice to a renewal thereof if and when defendant is certified as sane. After the sentence, and in March, 1953, defendant was certified insane and was transferred to Dannemora State Hospital where he has been continuously confined to date. The merits of the application have therefore not been considered, and any question as to the validity of defendant's contentions must await determination until such time as his sanity is restored. (*People v. Booth,* 17 N Y 2d 681.) Concur — Steuer, J. P., Capozzoli, McGivern and McNally, JJ.

■ SYDNEY KRAUSE, as Trustee for the Benefit of the Class A Creditors of D. R. COMENZO & Co., INC., Respondent, v. AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Defendant-Appellant and Third-Party Plaintiff. AMERICAN EXPRESS COMPANY, Third-Party Defendant.— Order entered July 3, 1968, appealed from, which denied appellant's motion for a protective order striking out or modifying certain of plaintiff's interrogatories, unanimously reversed on the law and the facts and the motion is granted as to interrogatories Nos. 4, 5, 6, 7, 9(d), 9(4) and 10, without costs or disbursements to either party. The plaintiff's demands far exceed the scope of proper disclosure in that as phrased they may reasonably be construed to include material prepared for litigation as well as the work product of attorneys (CPLR 3101) and are unduly burdensome. Additionally, interrogatory No. 10 seeks an answer to a question of law. Such information as plaintiff might be properly entitled to within the stricken items may be obtained in discovery proceedings. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McGivern, JJ.